# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DOVE LE MOOR BEY-RAZIN
ROSE EL,** *et al.*,

    **Petitioners,**

    v.

**SUMMIT COUNTY COURT OF
COMMON PLEAS,** *et al.*,

    **Respondents.**

Civil Action 2:17-cv-917
Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court for consideration of Respondents Motions to Change Venue (ECF Nos. 3 and 9). Petitioner has not opposed Defendants' request for a change of venue. For the reasons that follow, the Motion s are **GRANTED** and this action is **TRANSFERRED** to the United States District Court for the Northern District of Ohio.

Petitioner, Le Moor Bey-Razin Rose El, filed this case as an original action for mandamus in the Ohio Supreme Court on September 26, 2017. (ECF No. 1-1.) The Respondents in this case removed the action from the Ohio Supreme Court to the United States District Court for the Southern District of Ohio, pursuant to 28 U.S.C. § 1442(a). (ECF No. 1.) After removal, Respondents Alan Koschik, Marie C. Randolph, and Teresa D. Underwood, of the United States Bankruptcy Court, filed a Motion to Change Venue, requesting this case be transferred to the United States District Court for the Northern District of Ohio. (ECF No. 3.) Respondent Keith Rucinksi also filed a Motion to Change Venue (ECF No. 9), which

incorporates the reasoning and arguments from the previously filed Motion by Respondents. (ECF No. 3.)

Respondents removed this case pursuant to 28 U.S.C. § 1442(a), which requires removal "to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a). Petitioners originally filed this action with the Supreme Court of Ohio, located in Columbus, Ohio. (*See* Notice of Removal, ECF No. 1.) Thus, removal was proper to the Southern District of Ohio as it encompasses Columbus.

Although venue is typically governed by 28 U.S.C. § 1391, "in determining the proper venue of a removed action, '§ 1391 has no application.'" *See Hart v. United States*, No. 2:03-CV-1133, 2004 WL 1559569, at *7 (S.D. Ohio May 17, 2004) quoting *Polizzi v.. Cowles Magazines,* 345 U.S. 663, 665 (1953). Instead, venue of removed cases is governed by removal statutes 28 U.S.C. §§ 1441–1442. *Hart*, No. 2:03-CV-1133 at *7 (citing *Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 534 (6th Cir. 2002)). Thus, "both § 1441(a) and § 1442(a) provide that the proper venue of a removed action is the district court of the United States for the district and division embracing the place where such action is pending." *Hart*, No. 2:03-CV-1133 at *7.

When venue is proper, a Court may transfer a case in the interests of justice pursuant to 28 U.S.C. § 1404(a) "for the convenience of parties and witnesses . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). In doing so, several factors influence the Court's determination, such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness." *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp. Exp., Inc.*, 929 F.2d 1131, 1137 (6th

Cir. 1991)).

Analyzing these factors persuades the Court that transfer is appropriate. As a threshold matter, this case could have originally been brought in the Northern District of Ohio. Under 28 U.S.C. § 1391(3)(1), a civil action may be brought in a judicial district where a defendant resides, or a substantial part of the events giving rise to the claim occurred. Here, the federal respondents reside in and conduct their official duties within the Northern District of Ohio, and the claims at issue here arise out of the actions taken in the bankruptcy court for the Northern District of Ohio. (Mot. to Transfer 2–3, ECF No. 3.) Second, nearly all of the Respondents reside in or conduct business in the Northern District of Ohio, and all of the events leading to Petitioners' claims occurred within the Northern District. (Mot. to Transfer 2–3, ECF No. 3.) It is likely that witnesses to these events would also be found within the Northern District. Further, a related case is currently pending in the Northern District of Ohio. Thus, the interests of justice and efficiency also weigh in favor of transfer to the Northern District of Ohio.

In sum, the Court finds that the convenience of the parties and the interests of justice weigh in favor of transfer to the Northern District of Ohio. Accordingly, Respondents' Motions to Transfer Venue (ECF Nos. 3 and 9) are **GRANTED**. The Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Northern District of Ohio.

    **IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
    CHELSEY M. VASCURA
    UNITED STATES MAGISTRATE JUDGE